**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

|  |  |  |
|---|---|---|
| **ARDEX LABORATORIES, INC. AND ARDEX OF SOUTH FLORIDA, LLC**, | : : : : | Case No: 9:23-cv-81559 |
| *Plaintiffs*, | : : |  |
| v. | : : |  |
| **ALBERT HERNANDEZ**, | : : |  |
| *Defendant*. | : : |  |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS DEFENDANT'S AMENDED COUNTERCLAIMS**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF RELEVANT FACTS ............................................................................ 1

III. ARGUMENT ........................................................................................................................ 4

    A. Standard of Review. ................................................................................................... 4

    B. Hernandez's Breach of Contract Counterclaim (Count I) Should Be Dismissed Because It Is Time-Barred. ........................................................................................... 5

    C. Hernandez's Fraud Counterclaim (Count II) Should Be Dismissed Because It Is Time-Barred, Fails to State a Claim for Which Relief Can Be Granted, and Is Barred Under the Independent Tort Doctrine. ........................................................... 6

    D. Hernandez's Unjust Enrichment Counterclaim (Count III) Should Be Dismissed Because It Is Time-Barred and Fails to State a Claim On Which Relief Can Be Granted. ...................................................................................................................... 8

    E. Hernandez's Accounting Counterclaim (Count IV) Should Be Dismissed Because It Is Derivative of Claims Subject to Dismissal and Time-Barred. ........................ 9

    F. Hernandez's Defamation Per Se Counterclaim (Count V) Should Be Dismissed Because It Fails to State a Claim On Which Relief May Be Granted. ................. 11

IV. CONCLUSION .................................................................................................................. 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*,
   418 F. Supp. 3d 1075 (S.D. Fla. 2019) ..................................................................................8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................................4

*Azzopardi v. Borland*,
   No. 18-80861-CV, 2019 WL 13216655 (S.D. Fla. Jan. 15, 2019) ...........................................9

*Brass v. NCR Corp.*,
   826 F. Supp. 1427 (S.D. Fla. 1993) .......................................................................................7

*Clark v. Clark*,
   No. 93-47-CA, 1993 WL 528464 (Fla. Cir. Ct. 4th Judicial Cir. June 22,
   1993), *aff'd*, 641 So. 2d 866 (Fla. 1st Dist. Ct. App. 1994).......................................................13

*Colonial Penn Ins. Co. v. Value Rent-A-Car Inc.*,
   814 F. Supp. 1084 (S.D. Fla. 1992) .......................................................................................6

*Dixon v. Allergan USA, Inc.*,
   No. CV 14-61091-CIV, 2015 WL 12915671 (S.D. Fla. May 28, 2015) ..................................7

*Five for Ent. S.A. v. Rodriguez*,
   877 F. Supp. 2d 1321 (S.D. Fla. 2012) ................................................................................12

*Fla. Power & Light Co. v. Westinghouse Elec. Corp.*,
   510 So. 2d 899 (Fla. 1987).....................................................................................................7

*Francois v. Hatami*,
   565 F. Supp. 3d 1259 (S.D. Fla. 2021) ..............................................................................6, 7

*GS2 Corp. v. Regions Bank*,
   No. 11-23458-CIV, 2012 WL 12844744 (S.D. Fla. Aug. 9, 2012) ..........................................8

*Hebert v. Middleby Marshall Holdings, LLC*,
   No. 13-61076-CIV, 2013 WL 4097779 (S.D. Fla. Aug. 13, 2013) .......................................10

*Holiday Furniture Factory Outlet Corp. v. State, Dep't of Corr.*,
   852 So. 2d 926 (Fla. 1st Dist. Ct. App. 2003).........................................................................5

*Kee v. Nat'l Reserve Life Ins. Co.*,
   918 F.2d 1538 (11th Cir. 1990) ..............................................................................................9

*Managed Care Sols., Inc. v. Essent Healthcare, Inc.*,
    694 F. Supp. 2d 1275 (S.D. Fla. 2010) ..................................................................................10

*Marulanda v. Marrero*,
    162 B.R. 20 (S.D. Fla. 1993) ..................................................................................................6

*Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*,
    857 F. Supp. 2d 1294 (S.D. Fla. 2012), *aff'd*, 714 F.3d 1234 (11th Cir. 2013) ........................8

*Morrison v. Univ. of Miami*,
    No. 1:15-CV-23856-UU, 2016 WL 3128604 (S.D. Fla. Mar. 21, 2016) ...............................12

*Orlinksy v. Patraka*,
    971 So.2d 796 (Fla. 3d Dist. Ct. App. 2007) ........................................................................10

*Parekh v. CBS Corp.*,
    820 F. App'x 827 (11th Cir. 2020) .......................................................................................11

*Patten v. Winderman*,
    965 So. 2d 1222 (Fla. 4th Dist. Ct. App. 2007) ......................................................................9

*Pediatrix Med. Grp. of Fla., Inc. v. Aetna Inc.*,
    No. 18-60908-CIV, 2018 WL 4997092 (S.D. Fla. Aug. 27, 2018) ........................................12

*Pielage v. McConnell*,
    516 F.3d 1282 (11th Cir. 2008) ..............................................................................................4

*Quire v. Smith*,
    No. 21-10473, 2021 WL 3238806 (11th Cir. July 30, 2021) ..................................................4

*Spalter v. Am. Nat'l Ins. Co.*,
    No. 19-21304-CIV, 2019 WL 6324627 (S.D. Fla. Nov. 26, 2019) .........................................4

*Turner v. Wells*,
    879 F.3d 1254 (11th Cir. 2018) ............................................................................................11

*Veritiv Operating Co. v. Glob. Packaging Servs., LLC*,
    No. 22-21272-CIV, 2022 WL 18465116 (S.D. Fla. Oct. 19, 2022) ........................................9

*Wardak v. Goolden*,
    No. 1:19-CV-21121-RAR, 2020 WL 9718811 (S.D. Fla. May 22, 2020) ............................11

*Webster v. Tallahassee Mem'l Healthcare, Inc.*,
    342 So. 3d 861 (Fla. 1st Dist. Ct. App. 2022) .........................................................................5

*Woodhull v. Mascarella*,
    No. 1:08CV151-SPM/AK, 2009 WL 1790383 (N.D. Fla. June 24, 2009) ............................12

**Statutes**

Fla. Stat. § 95.11(2)(b) ................................................................................................................5

Fla. Stat. § 95.11(3)(j) .................................................................................................................5

Fla. Stat. § 95.11(6) .....................................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 9 ..........................................................................................................................6

Plaintiffs Ardex Laboratories, Inc. ("Ardex Laboratories") and Ardex of South Florida, LLC ("Ardex of South Florida;" together with Ardex Laboratories, "Plaintiffs," "Ardex," or the "Company"), by and through their undersigned counsel, respectfully submit this Motion to Dismiss Defendant Albert Hernandez's ("Hernandez" or "Defendant") Amended Counterclaims.

## I.   INTRODUCTION

Hernandez's Amended Counterclaims do not cure the basic failings identified in Plaintiffs' initial Motion to Dismiss (Dkt. 15).  Hernandez has done nothing more than add to his Amended Counterclaims a claim for Defamation Per Se (Count V).  Yet his other claims for Breach of Contract (Count I), Fraud (Count II), Unjust Enrichment (Count III), and Accounting (Count IV) remain just as time-barred as they were when originally pled.  Indeed, the allegations supporting those untimely claims are identical to the allegations set forth in Hernandez's initial Counterclaims.  Further, Hernandez's new Defamation Per Se counterclaim fails to plead sufficient facts to state a claim on which relief can be granted.  Accordingly, Ardex respectfully moves the Court to dismiss the entirety of Hernandez's Amended Counterclaims.

## II.   STATEMENT OF RELEVANT FACTS[1]

Ardex is a family-owned business founded in 1949 and primarily formulates, produces, and distributes an extensive array of professional automotive detailing products.  Compl. (Dkt. 1) ¶ 1.  The market for automotive detailing products is highly competitive, and businesses rely on their relationships with their customers and the reputation of their products in order to distinguish themselves in the marketplace.  *Id.*  Ardex's employees are trusted with confidential information, including pricing lists as well as customers' historic preferences and prior orders of Ardex

---

[1] Under the applicable standard, Ardex treats the allegations set forth in the Amended Counterclaims as true, as it must.  For avoidance of doubt, regardless of whether any of Hernandez's Amended Counterclaims are timely, Ardex denies liability and denies many of the allegations set forth in the Amended Counterclaims.

products.  *Id.* ¶¶ 13-14.  Ardex also relies upon the good will and relationships that customers develop with employees while those employees are performing their job duties.  *Id*. ¶ 15.  Ardex's confidential information and customer goodwill has been developed over months or years and has entailed significant expense to Ardex.  *Id.* ¶ 17.  Accordingly, Ardex has in place agreements that require employees to keep its business information confidential and prohibit employees from exploiting its information for the benefit of its competitors.  *Id*. ¶ 18.

Ardex hired Hernandez in June 2003.  *Id.* ¶ 20.  Because of his access to Ardex's confidential information, Hernandez entered into an Employment Agreement with Ardex effective May 30, 2003 as a consideration of his employment.  *Id*. ¶ 23.  The Employment Agreement prohibits Hernandez, during his employment and for two years thereafter, from being employed or performing services for another company that competes with Ardex, or soliciting any customer or prospective customer of Ardex.  *Id.* ¶ 25; *see* Compl. Ex. A § 11(A)-(B).  The Employment Agreement likewise required Hernandez to maintain the confidentiality of Ardex's confidential and proprietary information.  Compl. ¶ 26; Compl. Ex. A § 10.

On May 12, 2023, Hernandez abruptly resigned from Ardex.  Compl. ¶ 29.  Prior to his resignation, there were indications that Hernandez may have breached his Employment Agreement and his duties to Ardex.  *Id.*  Hernandez was spending long periods of time with a particular customer, Lenny's Car Wash ("Lenny's").  *Id.* ¶ 30.  After his employment with Ardex ended, Hernandez solicited Ardex customers on behalf of competitors in violation of his Employment Agreement.  *Id*., at ¶¶ 30-38.  When Hernandez disregarded Ardex's pre-litigation efforts to encourage him to honor his contract, Ardex initiated this action on December 14, 2023.

On January 17, 2024, Hernandez filed an Answer and four counterclaims against Ardex. After Ardex filed a motion to dismiss the counterclaims as time-barred on February 5, 2024,

Hernandez filed Amended Counterclaims adding a claim for defamation per se. Hernandez's amendment to his counterclaims does not resolve any of the shortcomings rendering his original counterclaims time-barred. Hernandez alleges that in 2005, Ardex agreed to pay him a 3% commission and that the agreement was "agreed to" in an unspecified "writing" by Hernandez. Am. Counterclaim ¶ 10. Hernandez further alleges that in 2007, Ardex ceased paying his 3% commission and instead paid him a 2.5% commission. *Id.* ¶ 14. Hernandez claims that in 2016, he met with Ardex in Philadelphia and Ardex agreed to pay him the remaining 0.5% commission that Ardex had not been paying him since 2007 and to pay him a 3% commission on a going-forward basis, yet did not do so. *Id.* ¶¶ 18, 20, 22. Because all of those claims are time-barred and otherwise meritless, they should be dismissed.

Hernandez's new defamation counterclaim also fails to state a claim on which relief may be granted. Hernandez claims solely that an unspecified person or persons on behalf of "Ardex" visited clients and potential clients and told them that "the client was prohibited from doing business with Hernandez," that litigation would result if the client purchased from Hernandez, that "the client was under contract with Ardex[,] the client was prohibited from doing business with Hernandez[,], the client would end up in litigation if it purchased any products from Hernandez's and his new company because of Hernandez's non-compete agreement[,] the current Ardex representative was a former policeman who knew the law and had a relative who went to jail over a non-compete issue[, and t]hat Hernandez was committing a crime by violating his non-compete agreement and was going to go to jail." Am. Counterclaim ¶ 28(a)-(f). Hernandez fails to plead *who* made the statements at issue, *when* they were made, or *why* they were false. Such allegations fall far short of what is required by Florida law. Accordingly, Hernandez's Amended Counterclaims should be dismissed in their entirety.

3

**III.     ARGUMENT**

    **A.     Standard of Review.**

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all of a complaint's well-pled factual allegations as true. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Though the Rule does not require detailed factual allegations, it does require "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (brackets, internal citation, and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Accordingly, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will be dismissed. *Id*.

Relevantly, "[a] dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred." *Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021) (affirming *sua sponte* dismissal of complaint as untimely). Where a claim is facially time-barred, it should be dismissed with prejudice since the deficiency cannot be cured through amended pleading. *See Spalter v. Am. Nat'l Ins. Co.*, No. 19-21304-CIV, 2019 WL 6324627, at *2 (S.D. Fla. Nov. 26, 2019) (granting motion to dismiss with prejudice because "the complaint unequivocally demonstrates that the statute of limitations period has expired").

4

### B. Hernandez's Breach of Contract Counterclaim (Count I) Should Be Dismissed Because It Is Time-Barred.

In his Amended Counterclaims, Hernandez alleges that his 2003 Employment Agreement contemplated that he would be paid commissions to be agreed upon by the parties. Am. Counterclaim (Dkt. 17) ¶ 7. He further claims that his "compensation structure" was agreed upon in 2005. *Id.* ¶¶ 8, 10. He alleges that, in approximately 2007, Ardex ceased paying his agreed-upon commission. *Id.* ¶ 14. In other words, Hernandez claims that Ardex breached an unspecified eighteen-year-old agreement to pay him a 3% commission sixteen years ago. Such allegations plainly are untimely under the applicable statute of limitations.

Florida law provides for a five year statute of limitations for breach of contract claims. Fla. Stat. § 95.11(2)(b).[2] Further, "[a] cause of action on a contract accrues and the limitations period commences at the time of the breach." *Holiday Furniture Factory Outlet Corp. v. State, Dep't of Corr.*, 852 So. 2d 926, 928 (Fla. 1st Dist. Ct. App. 2003); *Webster v. Tallahassee Mem'l Healthcare, Inc.*, 342 So. 3d 861 (Fla. 1st Dist. Ct. App. 2022) (breach of contract claim filed in 2018 based on alleged breach in 2012 barred by statute of limitations). Here, Hernandez alleged that Ardex's breach occurred in approximately 2007, or at the latest 2016. Yet Hernandez did not file a claim until 2024. Clearly, the statute of limitations has expired, and the claim should be dismissed.

---

[2] Although Ardex submits that the allegations on their face do not support such an argument, to the extent that Hernandez may allege the existence of an oral contract arising out of his purported 2016 meeting with Fred Goldman and Steven Braun, such a claim is likewise time-barred, as the statute of limitations applicable to oral contracts is only four years. Fla. Stat. § 95.11(3)(j).

### C. Hernandez's Fraud Counterclaim (Count II) Should Be Dismissed Because It Is Time-Barred, Fails to State a Claim for Which Relief Can Be Granted, and Is Barred Under the Independent Tort Doctrine.

#### 1. *Hernandez's Fraud Counterclaim is Time-Barred*

As with his contract counterclaim, Hernandez's fraud claim is barred by the statute of limitations. Hernandez claims that the alleged "fraud" occurred at the 2016 meeting, yet he did not file suit until 2024. "Under Florida law, a party has four years within which to bring an action based on fraud." *Marulanda v. Marrero*, 162 B.R. 20, 25 (S.D. Fla. 1993) (citing Fla. Stat. § 95.11(3)(j)). "The statute of limitations based on fraud is strictly construed against the party bringing suit and begins to run when the alleged basis of the action was either discovered or should have been discovered by the exercise of due diligence." *Colonial Penn Ins. Co. v. Value Rent-A-Car Inc.*, 814 F. Supp. 1084, 1099 (S.D. Fla. 1992). Because Hernandez failed to file suit within four years of the alleged "fraud" that purportedly occurred in 2016, his claim should be dismissed.

#### 2. *Hernandez's Fraud Counterclaim Fails to State a Claim For Which Relief Can Be Granted.*

Hernandez's fraud counterclaim also should be dismissed because the allegations are incapable of sustaining a claim for fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "[T]he Rule's 'particularity' requirement is not satisfied by 'conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud.'" *Francois v. Hatami*, 565 F. Supp. 3d 1259, 1265 (S.D. Fla. 2021) (quoting *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008)). Rather, "[t]o meet this standard, the complaint needs to identify the precise statements, documents, or misrepresentations made; the time and place of, and the persons responsible for, the alleged statements; the content and way the statements misled the plaintiff; and what the defendant gained

through the alleged fraud." *Hatami*, 565 F. Supp. 3d at 1265; *Dixon v. Allergan USA, Inc.*, No. CV 14-61091-CIV, 2015 WL 12915671, at *4 (S.D. Fla. May 28, 2015)  (dismissing claim for fraud where plaintiff "fails to allege the time and place of these statements, fails to identify the person making the statements to her, fails to describe with any particularity how these statements misled her, and fails to allege what [defendant] obtained as a consequence of its alleged fraud").

Hernandez's counterclaim alleges in conclusory fashion that in 2016, "Hernandez traveled to Philadelphia and met with Fred Goldman and Steven Braun."  Am. Counterclaim ¶ 18.  He asserts that "Goldman advised that Ardex would pay Hernandez his remaining commission due (the half percent) in installments," *id*. ¶ 20, and that Goldman handed Hernandez a $10,000 check. *Id*.  Hernandez further alleged that Ardex "made no further payments toward this debt," yet Hernandez continued to work for Ardex for another seven years.  *Id.* ¶ 22.  Hernandez fails to allege the time or place of this 2016 meeting, what specifically Goldman said to him, how he was misled, and what Ardex gained from the alleged fraud.  Without more, the fraud counterclaim cannot move forward.

> 3. *Hernandez's Fraud Counterclaim Is Barred By the Independent Tort Doctrine.*

Lastly, Hernandez's fraud claim is barred by the independent tort doctrine.  "[C]ontract principles are more appropriate than tort principles to resolve purely economic claims."  *Fla. Power & Light Co. v. Westinghouse Elec. Corp.*, 510 So. 2d 899, 900 (Fla. 1987).  Florida courts apply the economic loss rule to prevent tort recovery 'when damages flow from a breach of contract unless the tort is independent of the breach of contract.'"  *Brass v. NCR Corp.*, 826 F. Supp. 1427, 1428 (S.D. Fla. 1993).  Hernandez claims that pursuant to the Employment Agreement, Ardex and Hernandez agreed that Ardex would pay him a three percent commission, yet failed to do so.  That is the same conduct that forms the basis of Hernandez's fraud claim.

7

Because Hernandez does not allege that Ardex committed any independent tort associated with its alleged "fraud," the fraud claim should be dismissed.

### D. Hernandez's Unjust Enrichment Counterclaim (Count III) Should Be Dismissed Because It Is Time-Barred and Fails to State a Claim On Which Relief Can Be Granted.

#### 1. *Hernandez's Unjust Enrichment Claim is Time-Barred.*

Hernandez's unjust enrichment claim is time-barred. Claims for unjust enrichment are subject to a four year statute of limitations. *Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 857 F. Supp. 2d 1294, 1308 (S.D. Fla. 2012), *aff'd*, 714 F.3d 1234 (11th Cir. 2013). Hernandez alleges that Ardex was unjustly enriched because it "knowingly and voluntarily accepted and retained the value of that benefit without paying Hernandez his commissions" (Amended Counterclaim ¶ 45) – conduct that allegedly began in 2007. Further, while Hernandez claims he was compensated with a $10,000 check in 2016, he alleges that he did not receive any further compensation for allegedly missing commissions after that date. Therefore, Hernandez's unjust enrichment claim filed in 2024 is untimely as a matter of law.

#### 2. *Hernandez Fails to Plead Allegations To State a Claim for Unjust Enrichment.*

Hernandez has also failed to plead adequately the elements of an unjust enrichment claim. "Under Florida law, the elements of an unjust enrichment claim are '(1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.'" *GS2 Corp. v. Regions Bank*, No. 11-23458-CIV, 2012 WL 12844744, at *2 (S.D. Fla. Aug. 9, 2012) (citation omitted). "[T]he theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy." *Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1083 (S.D.

Fla. 2019) (quoting *Gary v. D. Agustini & Asociados, S.A.*, 865 F.Supp. 818, 827 (S.D. Fla. 1994)). "Although Rule 8 of the Federal Rules of Civil Procedure permits alternative pleading, unjust enrichment may only be pled in the alternative where one or more parties contest the existence of an express contract governing the subject of the dispute." *Veritiv Operating Co. v. Glob. Packaging Servs., LLC*, No. 22-21272-CIV, 2022 WL 18465116, at *2 (S.D. Fla. Oct. 19, 2022).

It is undisputed that the Employment Agreement governs the relationship between Ardex and Hernandez. Hernandez does not dispute the existence of the agreement. Nor does he allege that he conferred a benefit upon Ardex separate and apart from the Employment Agreement, particularly where Ardex continued to pay Hernandez a salary, and the allegations are insufficient to plead that it would be inequitable for Ardex to retain the benefit of his services. Hernandez's unjust enrichment claim should be dismissed for these reasons as well.

### E. Hernandez's Accounting Counterclaim (Count IV) Should Be Dismissed Because It Is Derivative of Claims Subject to Dismissal and Time-Barred.

"Under Florida law, a party seeking an equitable accounting must show the existence of a fiduciary relationship or a complex transaction and must demonstrate that the remedy at law is inadequate." *Kee v. Nat'l Reserve Life Ins. Co.*, 918 F.2d 1538, 1540 (11th Cir. 1990) (citation omitted). Although equitable in nature, a claim for an accounting is "subject to the four- or five-year statute of limitations for the legal actions" concerning the same subject matter. *Azzopardi v. Borland*, No. 18-80861-CV, 2019 WL 13216655, at *3 (S.D. Fla. Jan. 15, 2019). Here, because Hernandez's claim for an accounting "concerns the same subject matter" as his breach of contract claim, the five year statute of limitations applicable to his breach of contract claim applies. *Patten v. Winderman*, 965 So. 2d 1222, 1225 (Fla. 4th Dist. Ct. App. 2007); *see* Fla. Stat. § 95.11(6) ("Laches shall bar any action unless it is commenced within the time provided for legal actions concerning the same subject matter."). Hernandez claims that he "placed his trust in Ardex both

to accurately calculate his 3% commissions due and pay him that 3% commissions due," but that "Ardex failed in both regards." Amended Counterclaim ¶¶ 51-52. That is the same conduct that forms the basis of his breach of contract claim. And, because the alleged breaches occurred in 2007 and certainly no later than 2016, Hernandez's claim for an accounting is barred by the statute of limitations.

Moreover, Hernandez's account claim fails both because (i) he cannot allege adequately a fiduciary duty from Ardex to Hernandez, and (ii) Hernandez has an adequate remedy at law. To establish a fiduciary relationship, "a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Orlinksy v. Patraka*, 971 So.2d 796, 800 (Fla. 3d Dist. Ct. App. 2007). Allegations that a plaintiff "was employed by [defendant] as a salesman from 2003 through 2012, and that he received commissions and other compensation for his work" are "insufficient to establish a fiduciary relationship." *Hebert v. Middleby Marshall Holdings, LLC*, No. 13-61076-CIV, 2013 WL 4097779, at *3 (S.D. Fla. Aug. 13, 2013). Here, Hernandez's allegations are even more threadbare. Hernandez alleges only that he and Ardex had "a relationship of mutual trust" and that Hernandez allegedly trusted Ardex to calculate his purported commissions. Am. Counterclaim ¶¶ 50-51. Such allegations are insufficient to support the contention that Ardex owed Hernandez a fiduciary duty as required to state a claim for an accounting.

Moreover, Hernandez has an adequate remedy at law in the form of a claim for breach of contract. "[A] claim for equitable accounting should be dismissed where the evidentiary facts alleged in a complaint show neither complexity nor inadequacy of a legal remedy." *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, 694 F. Supp. 2d 1275, 1280 (S.D. Fla. 2010). Because Hernandez's accounting claim is premised on the same facts as his breach of contract claim and

10

seeks the same remedy, Hernandez's breach of contract claim provides an adequate remedy at law. Accordingly, Hernandez's accounting claim should be dismissed.

### F. Hernandez's Defamation Per Se Counterclaim (Count V) Should Be Dismissed Because It Fails to State a Claim On Which Relief May Be Granted.

"Defamation under Florida law has these five elements: (1) publication; (2) falsity; (3) the statement was made with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018) (citing *Jews For Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1106 (Fla. 2008)). "A complaint must also contain enough facts to indicate the presence of the required elements." *Wardak v. Goolden*, No. 1:19-CV-21121-RAR, 2020 WL 9718811, at *9 (S.D. Fla. May 22, 2020) (citing *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007)). Hernandez's Amended Counterclaim fails under this standard.

First, the allegations that unspecified "numerous clients and potential clients" were "under contract with Ardex" (*id.* ¶ 28(a)), that the clients were "prohibited from doing business with Hernandez," (*id.* ¶ 28(b)), and that the clients would "end up in litigation" if they purchased from Hernandez (*id.* ¶ 28(c)) are not capable of defamatory meaning. "To be defamatory, a statement must 'expose[ ] a plaintiff to hatred, ridicule, or contempt or injure[ ] his business or reputation or occupation.'" *Parekh v. CBS Corp.*, 820 F. App'x 827, 833 (11th Cir. 2020) (internal citation omitted). The allegations in Paragraphs 28(a)-(c) do not state facts concerning Hernandez at all, much less ones that would defame Hernandez. Rather, those allegations only make statements regarding Ardex's *clients*. Second, the statement that Hernandez "was subject to legally enforceable restrictive covenants" (Am. Counterclaim ¶ 57) likewise is not capable of defamatory meaning. There is nothing about being subject to a restrictive covenant that would "subject

11

Hernandez to distrust, ridicule, contempt, [or] disgrace," Am. Counterclaim ¶ 60. Such statements therefore cannot form the basis of a defamation claim.

As to the remaining allegations Hernandez claims support his defamation per se counterclaim, Hernandez fails to plead adequately the circumstances surrounding such alleged statements. "In a defamation case, 'a plaintiff must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred.'" *Five for Ent. S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1328 (S.D. Fla. 2012) (quoting *Morrison v. Morgan Stanley Props.*, No. 06–80751, 2008 WL 1771871, at *10 (S.D. Fla. Apr. 15, 2008) (internal citation omitted) (granting motion to dismiss because "Plaintiff fails to allege facts to support any of the elements of a defamation claim"); *Morrison v. Univ. of Miami*, No. 1:15-CV-23856-UU, 2016 WL 3128604, at *7 (S.D. Fla. Mar. 21, 2016) (granting motion to dismiss because "Plaintiff still fails to allege which statements within the October 17, 2013 email [at issue] were false and the manner in which the statements were false"). A defamation claim should be dismissed where a plaintiff fails to allege, *inter alia*, "a time frame for when the statements were made, and . . . [any] actual damage." *Woodhull v. Mascarella*, No. 1:08CV151-SPM/AK, 2009 WL 1790383, at *3 (N.D. Fla. June 24, 2009). For example, in *Pediatrix Med. Grp. of Fla., Inc. v. Aetna Inc.*, the Court granted defendants' motion to dismiss "since the Complaint lacks necessary detail regarding the alleged defamatory statements." No. 18-60908-CIV, 2018 WL 4997092, at *8 (S.D. Fla. Aug. 27, 2018). In dismissing, the Court noted that "Plaintiffs do not identify the speaker." *Id*. "Nor do they provide information as to the circumstances surrounding the offensive statement(s), such as where, when, and in what form the statements were made and published." *Id*. Likewise, in *Clark v. Clark*, the Court found a defamation claim due for dismissal where the allegations in the complaint "do not sufficiently explain why the reported statements are

false." No. 93-47-CA, 1993 WL 528464, at *2 (Fla. Cir. Ct. 4th Judicial Cir. June 22, 1993), *aff'd,* 641 So. 2d 866 (Fla. 1st Dist. Ct. App. 1994).  Similarly here, Hernandez pleads no such circumstances.

Hernandez alleges solely that an unspecified person on behalf of "Ardex" visited clients and potential clients and told them that "the client was prohibited from doing business with Hernandez," that litigation would result if the client purchased from Hernandez, that "it was illegal to purchase products from Hernandez's [*sic*] and his new company because of Hernandez's non-compete agreement," and that "Hernandez was committing a crime by violating his non-compete agreement and was going to go to jail."  Am. Counterclaim ¶ 28.  He does not allege who made the statements or when they were made.  Moreover, while Hernandez alleges that those representations were "false," (*id.* ¶ 29), nowhere does Hernandez allege *why* such alleged statements were false.

Hernandez does not plead his defamation per se counterclaim with the requisite amount of detail required by law.  Accordingly, Hernandez's defamation per se counterclaim should be dismissed.

## IV. CONCLUSION

Henandez's Counterclaims are asserted well beyond any applicable limitations period and, in several cases, are insufficient to set forth a claim even if timely pled. For the foregoing reasons, Plaintiffs respectfully request that Hernandez's Counterclaims be dismissed with prejudice.

Dated:  March 5, 2024

OF COUNSEL:

Jonathan Krause (admitted *pro hac vice*)
Catherine V. Wigglesworth (admitted *pro hac vice*)
KLEHR HARRISON HARVEY BRANZBURG LLP
1835 Market Street, Suite 1400
Philadelphia, PA 19103
(215) 569-4496
jkrause@klehr.com
cwigglesworth@klehr.com

Respectfully submitted,

/s/Fred A. Schwartz
Fred A. Schwartz
Bar # 360538
fschwartz@swlawyers.law
Shahady & Wurtenberger, P.A.
200 E. Palmetto Park Road, Suite 103
Boca Raton, FL 33432
(561) 910-3064

*Attorneys for Plaintiffs Ardex Laboratories, Inc. and Ardex of South Florida LLC*