UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81559-ROSENBERG

ARDEX LABORATORIES, INC &
ARDEX OF SOUTH FLORIDA, LLC,

    Plaintiffs/Counter-Defendants,

v.

ALBERT HERNANDEZ,

    Defendant/Counter-Plaintiff.
_____/

### ORDER GRANTING THE PLAINTIFFS' MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Plaintiffs' Motion to Dismiss at docket entry 19. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

The Defendant in this case is a sales manager. DE 17 at 1-2. He began working for the Plaintiffs in 2003. *Id.* For compensation, the Plaintiffs paid the Defendant a salary and sales commissions. *Id.* In 2005, the Defendant alleges that he entered into a written employment agreement with the Plaintiffs, wherein the Plaintiffs promised to pay the Defendant a 3% commission on all sales within the Defendant's territory. *Id.* at 2. A few years later, in 2007, the Defendant alleges that the Plaintiffs started to pay him 2.5% in lieu of the contractual obligation to pay 3%. *Id.* The Defendant alleges that he did not agree to this reduction. *Id.*

From 2007 to 2016, the Plaintiffs continued to pay the Defendant a 2.5% commission. *Id.* at 2-3. In 2016, however, the Plaintiff demanded that he be paid the missing .5%, retroactive to 2007. *Id.* at 3. In response, the Plaintiffs made a partial payment (not the full amount owed) to the Defendant. *Id.* From 2016 to the present, the Defendant alleges that the Plaintiffs made no further

payments towards the amount he was owed. *Id.* On February 20, 2024, after the Plaintiffs filed this suit[1] against the Defendant, the Defendant filed the operative Amended Counterclaim before this Court.

The Amended Counterclaim brings claims for breach of contract, fraud, unjust enrichment, equitable accounting, and defamation. The Plaintiffs argue that each claim must be dismissed as a matter of law. Each claim is addressed in turn before the Court reaches its final conclusion and ruling.

**1. Breach of Contract**

The Plaintiffs argue that Florida's five-year statute of limitations for breach of contract claims renders the Defendant's claim untimely. Fla. Stat. § 95.11(2)(b). Either the Defendant's claim accrued in 2007, the Plaintiffs argue, when the Defendant demanded the full 3% commission, or it accrued in 2016, when he again demanded his full commission. In either event, the Defendant filed his claim in 2024, long after the five-year deadline expired.

The Defendant responds by arguing that his agreement with the Plaintiffs was silent on the timing of performance, and that when a contract is silent on the timing of performance, the demand for performance must simply be made in a reasonable period of time. That is indeed the law. *Stoudenmire v. Fla. Loan Co.*, 117 So. 2d 500, 502-03 (Fla. Dist. Ct. App. 1960). Here, the Defendant argues that it was reasonable for him to wait many years to demand payment, given the course of dealing (which reaches back more than twenty years) he has alleged between the parties. But as the Plaintiffs point out in their Reply, the touchstone of reasonableness is the statute of

---

[1] The Plaintiffs allege that the Defendant resigned from his employment in 2023, and that after his resignation the Defendant violated a restrictive covenant that barred him from competing with the Plaintiffs in the South Florida market. DE 1 at 2.

limitations itself. *See id.* While the Defendant may argue that, according to him, a delay of (at a minimum) nearly eight years was a reasonable time to demand his commission, the Court is persuaded by the Plaintiffs' argument that three years past the applicable statute of limitations is too great of a stretch. Stated differently, no factual allegation in the Defendant's Counterclaim alters the Court's conclusion that nearly eight years is not a reasonable period of time to demand payment as a matter of law. For this reason, the Defendant's breach of contract claim, Counterclaim I, is dismissed.[2]

### 2. Fraud

Relatedly, the Plaintiffs argue that the Defendant's fraud claim is untimely. The statute of limitations for fraud claims is four years, Fla. Stat. § 95.11(3)(i), and the Defendant's fraud claim is based upon a meeting he had with the Plaintiffs in 2016, wherein the Defendant alleges that the Plaintiffs (falsely) informed him that he would be paid his commission in the future. The Defendant argues that his claim is timely because he did not discover the intentional, fraudulent lie (that the Plaintiffs intended to pay him his full commission) until some unspecified[3] time.

The statute of limitations for a fraud claim can be tolled for the time it takes a litigant to discover fraud, but only until such a time as "the cause of action [was] discovered or should have been discovered with the exercise of due diligence." Fla. Stat. § 95.031(2)(a). But the Defendant continued to work for the Plaintiffs from 2016 through 2023—seven years. The Court is persuaded

---

[2] For the reasons set forth in the Plaintiffs' Motion and Reply, the Court is also not persuaded that the Defendant has even pled a claim that he could, at some undefined point in time, demand his commission payment. Rather, the Defendant has alleged that he was owed his commission (at the latest) in 2016. As a result, the Court need not even undertake a "reasonable" period of time inquiry because the operative year for statute of limitations purposes was 2016, not later.
[3] In his Response, the Plaintiff does not clarify when he discovered the Plaintiffs' alleged fraud and, instead, he argues that he should be entitled to engage in discovery on this issue. DE 23 at 5.

by the Plaintiffs' argument that the Defendant should have discovered (through the exercise of due diligence) the Plaintiffs' alleged intent to never pay the Defendant his full commission when, for many years following 2016, the Plaintiffs never paid the Defendant his full commission.[4] As the Plaintiffs put it: "Hernandez could have looked at his paycheck and ascertained that he was not being paid the 3% commission Ardex allegedly agreed to pay him on a going forward basis in 2016." DE 24 at 4. The Defendant's fraud claim, Counterclaim II, is dismissed.

### 3. Unjust Enrichment

The Defendant presses the same argument for his unjust enrichment claim as his fraud claim—that he could not have discovered the basis for the unjust enrichment claim until an unspecified time after 2016. Although a fraud claim may be tolled until such time as a litigant discovers the factual basis for the claim, an unjust enrichment claim cannot. *Davis v. Monahan*, 832 So. 2d 708, 712 (Fla. 2002). Additionally, to the extent the Defendant intended for his unjust enrichment claim to be premised upon something other than the events in 2016 (such as more recent events), and to be premised upon something other than a contractual obligation to pay a commission, the Court is unable to discern such a claim from the pleading. The Defendant's unjust enrichment claim, Counterclaim III, is dismissed.

### 4. Equitable Accounting

The Plaintiffs move to dismiss the Defendant's Counterclaim IV, a claim for equitable accounting, on multiple grounds. In his Response, the Defendant withdraws the claim. DE 23 at 2. Counterclaim IV is therefore dismissed.

---

[4] For the reasons set forth in the Motion and Reply, the Court is also persuaded that (i) the independent tort doctrine bars the Defendant's fraud claim and (ii) the fraud claim is not pled with the necessary particularity that Rule 9(b) requires.

### 5. Defamation

For his defamation claim, Counterclaim V, the Defendant alleges that a representative of the Plaintiffs informed third parties that the Defendant, by working for another company in violation of a restrictive covenant, was engaging in a crime and would go to jail. DE 17 at 3-4. The Plaintiffs do not argue that this allegation, accepted as true, would not, as a general matter, state a claim for defamation. Instead, the Plaintiffs cite to a line of federal cases (which in turn rely upon an appellate case in Florida state court)[5] which stand for the proposition that in a defamation case: "a plaintiff must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred." *Five for Ent. S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1328 (S.D. Fla. 2012). Upon review, the Court agrees. The Defendant has sufficiently alleged a description of the statement (pertaining to the Defendant engaging in criminal acts) but the Defendant does not allege the identity of the speaker[6] or the time frame within which the statement was made. Counterclaim V is dismissed.

### 6. Conclusion and Ruling

Although the Court has dismissed every Counterclaim, the Court's dismissal is with leave to amend, provided any amended Counterclaim conforms to the Court's legal rulings in this Order. However, because the amended pleadings deadline in this case expired on April 15, 2024, the Defendant should not anticipate that the Court will extend the opportunity for the Defendant to amend his Counterclaim a third time. Any amended Counterclaim is due by May 10, 2024.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Plaintiffs' Motion

---

[5] *See Hawke v. Broward Nat'l Bank*, 220 So. 2d 678 (Fla. Dist. Ct. App. 1969).
[6] An element of defamation is that the respondent published a false statement, but given that the respondents in this case are artificial entities, the identity of the speaker is necessary for the movant to plausibly allege that the statement at issue was made by the respondents. *See*, *e.g.*, *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378 (S.D. Fla. 2006).

to Dismiss is **GRANTED** and the Counterclaim is **DISMISSED WITH LEAVE TO AMEND**.

    **DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 2nd day of May, 2024.

                                                                  ROBIN L. ROSENBERG

Copies furnished to Counsel of Record        UNITED STATES DISTRICT JUDGE